IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 06-450-01 |
| WALEED THOMAS | : |

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

I. **INTRODUCTION**

On August 31, 2006, defendant Waleed Thomas was charged in an Indictment with one count of escape in violation of Title 18 U.S.C. Section 751(a). The government understands that the defendant intends to plead guilty to the indictment.

II. **PLEA AGREEMENT**

There is no plea agreement.

III. **ESSENTIAL ELEMENTS OF THE OFFENSE**

    A.    **18 U.S.C. §751(a)**

**18 U.S.C. Section 751(a)** (escape): "**(a)** Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to

conviction, be fined under this title or imprisoned not more than one year, or both."

In order to prove the violations of Title 18, United States Code, §751(a) (escape), the government must adduce evidence to satisfy the following elements:

1. <u>Essential Elements</u> (escape):

 1. that the defendant had been in the custody of the Attorney General,

 2. as the result of a conviction; and,

 3. that he escaped from that custody.

Although Section 751(a) does not define the term "escape," courts and commentators are in general agreement that it means absenting oneself from custody without permission. <u>United States v. Bailey</u>, 444 U.S. 394, 407 (1980).

IV. <u>MAXIMUM PENALTIES</u>

The maximum penalties for the violations to which the defendant is pleading guilty are as follows:

The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentence: five years imprisonment, a three year period of supervised release, a $250,000 fine, and a $100 special assessment.

V.   FACTUAL BASIS

If this case had proceeded to trial, the government would have established the following facts through testimony and documentary evidence:

According to a Judgment and Commitment Order from the United States District Court for the Middle District of Pennsylvania, on July 11, 2002, defendant Waleed Thomas was convicted of violating 18 U.S.C. § 514(a)(2), by creating counterfeit checks. The defendant was sentenced to 72 months imprisonment, to be followed by five years of supervised release.

On or about May 18, 2006, the defendant was transferred from FCI Fort Dix, New Jersey, to Luzerne Community Corrections Center (LCCC) in Philadelphia, to serve, as a part of his sentence, 180 days in a community setting prior to his release.[1] Waleed Thomas arrived at the LCCC on May 18, 2006.

As a part of his processing at LCCC, Waleed Thomas received a LCCC Resident Handbook. A section of this handbook, entitled "Authorized Absences from the Facility" states, in summary, that if a person is absent from LCCC without authorization it will be considered an escape. In a section entitled "Escapes/Absconds" the handbook states that escapees can

---

[1] A copy of the Federal Bureau of Prisons Transfer Order signed by Warden Paul M. Schultz at Federal Correctional Institution (FCI) Fairton, New Jersey, documented the defendant's transfer from the prison to the LCCC.

be prosecuted.  The defendant signed and dated a receipt for this handbook.  This receipt was countersigned by the defendant's case manager.

On June 14, 2006, at approximately 1:15 p.m., the defendant signed out of the LCCC on an approved work pass to his place of employment at Coreflex, 1090 Thomas Busch Highway, Pennsauken, New Jersey, 08110.  The defendant had a compulsory return date and time of June 15, 2006 at 2:15 a.m.

On June 15, 2006, the defendant failed to return to the LCCC by 2:15 a.m.  LCCC staff searched the facility, and telephonically checked with the Philadelphia Police and local hospitals in an attempt to locate the defendant, but met with negative results.  Authorities subsequently placed the defendant on escape status.

All subsequent efforts by the United States Marshals Service to ascertain the defendant's whereabouts also failed. U.S. Marshals checked local hospitals, police districts, and consulted with a relative who was listed as the emergency contact for the defendant, to no avail. On June 28, 2006, Harrisburg Police arrested Thomas without incident in the Post Office located in the 800 block of Market Street, Harrisburg, PA.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney

    DAVID B. WEBB
    Chief, Violent Crimes
    Assistant United States Attorney

    _____
    THOMAS M. ZALESKI
DATE: October 23, 2006    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Government's Guilty Plea Memorandum was served by fax, addressed as follows:

>Mark Wilson, Esquire
>Defender Association of Philadelphia
>Federal Court Division
>The Curtis Center Building
>601 Walnut Street
>Suite 540 West
>Independence Square West
>Philadelphia, PA 19106
>FAX: (215) 928-0822

>THOMAS M. ZALESKI
>Assistant United States Attorney

Date: October 23, 2006